IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELVA ESTRADA, | § | |
| | § | CIVIL ACTION NO. C-07-247 |
| Plaintiff, | § | |
| | § | JURY REQUESTED |
| v. | § | |
| | § | *Pending Transfer to MDL-1699* |
| PFIZER, INC., ET AL., | § | *(In re Bextra and Celebrex Marketing,* |
| | § | *Sales Practices and Prods. Liab. Litig.)* |
| Defendants. | § | |

**EXHIBITS TO DEFENDANT PFIZER INC.'S NOTICE OF REMOVAL**

EXHIBIT 1     List of All Parties & Status of Case

EXHIBIT 2     Certified copy of state court docket sheet and copy of state court file

EXHIBIT 3     List of Attorneys

EXHIBIT 4     Record of Parties Requesting Trial by Jury

EXHIBIT 5     State Court Information

EXHIBIT 6     Declaration Evidence Cited in Notice of Removal

EXHIBIT 7     Unpublished District Court Orders Cited in Notice of Removal

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELVA ESTRADA, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. _____ |
| | § | |
| v. | § | JURY REQUESTED |
| | § | |
| PFIZER, INC., ET AL., | § | *Pending Transfer to MDL-1699* |
| | § | *(In re Bextra and Celebrex Marketing,* |
| Defendants. | § | *Sales Practices and Prods. Liab. Litig.)* |
| | § | |
| | § | |
| | § | |

## LIST OF ALL PARTIES & STATUS OF CASE

### Status of Case

The above referenced matter currently is pending in the 347th Judicial District Court of Nueces County, Texas, styled *Elva Estrada v. Pfizer, Inc., et al.*, Cause No. 07-1818-H.

### Plaintiffs

Elva Estrada

### Defendants

Pfizer Inc. [incorrectly named as "Pfizer, Inc."]
Jacqueline Guerrero
Bob Davis
Jeanne L. Jalufka
Kyle M. Nelson
Jason D. Hahn
Robert G. Vial
Kathryn K. Truitt
Kari A. McLuhan
Reynaldo Riojas
Francisco Meza
Jack Barineau
Erica Zeplin
Deborah Quinones
W. Lance Goodson

**Defendants (cont.)**
Keely Rodriguez
Leah Silva
Daniel Ponce
Celeste Escobar
Jill Guidry
Daniel Townsend
Lynsey Adame

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELVA ESTRADA | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. _____ |
| | § | |
| v. | § | JURY REQUESTED |
| | § | |
| PFIZER, INC., ET AL., | § | *Pending Transfer to MDL-1699* |
| | § | *(In re Bextra and Celebrex Marketing,* |
| Defendants. | § | *Sales Practices and Prods. Liab. Litig.)* |
| | § | |
| | § | |
| | § | |

## INDEX OF STATE COURT PLEADINGS

A.    Certified Copy of Docket Sheet

B.    Plaintiffs' Original Petition

C.    Citations

D.    Defendant Pfizer Inc.'s Motion to Transfer Venue and, Subject Thereto, Original Answer

E.    Defendant W. Lance Goodson's Motion to Transfer Venue and, Subject Thereto, Original Answer

F.    Notice to Plaintiffs of Filing Notice of Removal

G.    Notice to State Court of Filing Notice of Removal

# EXHIBIT 2(A)

```
RUN DATE 04/10/2007
RUN TIME 3:30 PM                  *  *  *   C L E R K ' S   E N T R I E S   *  *  *       FROM 01/01/1901  THRU 04/10/2007

                                                                                                (10)
                                                                                         OTHER CIVIL CAUSES
```

PAGE: 001

07-01818-00-0-H

FILED: 04/06/2007

ESTRADA, ELVA

VS

PFIZER, INC., ET AL

* * * DOCKET ENTRIES * * *

* * * DOCUMENTS FILED * * *
04/06/2007  ORIGINAL PETITION FILED
04/06/2007  CIVIL INFO SHEET/JJM
04/06/2007  SVC SHEET REQ SVC/JJM
04/06/2007  CVR LTR W/INSTRUCTIONS/JJM
04/06/2007  JURY FEE: Pd. by KATHRYN SNAPKA

# EXHIBIT 2(B)

CAUSE NO. 07-1818-H

| | | |
|---|---|---|
| ELVA ESTRADA | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| PFIZER, INC., JACQUELINE GUERRERO | § | |
| BOB DAVIS, JEANNE L. JALUFKA, | § | |
| KYLE M. NELSON, JASON D. HAHN, | § | |
| ROBERT G. VIAL, KATHRYN K. TRUITT, | § | 347 JUDICIAL DISTRICT |
| KARI A. MCLUHAN, REYNALDO RIOJAS, | § | |
| FRANCISCO MEZA, JACK BARINEAU, | § | |
| ERICA ZEPLIN, DEBORAH QUINONES, | § | |
| W. LANCE GOODSON, KEELY | § | |
| RODRIGUEZ, LEAH SILVA, DANIEL | § | |
| PONCE, CELESTE ESCOBAR, JILL | § | |
| GUIDRY, DANIEL TOWNSEND and | § | |
| LYNSEY ADAME | § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Elva Estrada (hereinafter referred to as "Plaintiff"), complaining of Pfizer,

Inc. (hereinafter referred to as the "Defendant Pfizer"); and Jacqueline Guerrero, Bob Davis, Jeanne

L. Jalufka, Kyle M. Nelson, Jason D. Hahn, Robert G. Vial, Kathryn K. Truitt, Kari A. McLuhan,

Reynaldo Riojas, Francisco Meza, Jack Barineau, Erica Zeplin, Deborah Quinones, W. Lance

Goodson, Keely Rodriguez, Leah Silva, Daniel Ponce, Celeste Escobar, Jill Guidry, Daniel

Townsend and Lynsey Adame (hereinafter referred to as "Sales Representative Defendants"),

(collectively referred to as "Defendants"), and for cause of action, Plaintiff alleges and avers as

follows:

I.

This case is to be designated as a Level III case pursuant to Texas Rule of Civil Procedure

190.4.



FILED-PATSY PEREZ
CLERK OF COUNTY &
DISTRICT COURTS
NUECES COUNTY, TEXAS
2007 APR -6 A 8 30
BY_____DPTY

01093950 2

II.

## INTRODUCTION AND PARTIES

This action arises from the sales, distribution, and/or prescribing of Celebrex®, an osteoarthritis and pain-relief drug. Elva Estrada, was prescribed Celebrex® for the relief of pain and as a result of the ingestion of Celebrex®, she suffered from serious and permanent injuries.

Plaintiff Elva Estrada is a resident of Corpus Christi, Nueces County, Texas.

Defendant Pfizer at all times herein mentioned was and is a corporation incorporated, operating and existing under the laws of incorporation of the State of Delaware, with its principal place of business in New York, New York, continuously and purposefully doing business in the State of Texas for monetary profit. At all times herein mentioned, Defendant Pfizer, in interstate commerce and in this judicial district, purposefully marketed, designed, manufactured, tested, analyzed, distributed, recommended, merchandised, advertised, promoted, supplied and sold to distributors, and retailers for resale to physicians, hospitals, medical practitioners and the general public, a certain pharmaceutical product, hereinafter referred to as Celebrex® (also known as Celecoxib). Pfizer may be served with process by and through its registered agent, CT Corporation Systems, 350 N. St. Paul, Dallas, Texas 75201.

Defendant Jacqueline Guerrero is an individual who may be served with process at her place of residence which is believed to be 7227 Westlyn Dr., San Antonio, Texas 78227-2809.

Defendant Bob Davis is an individual who may be served with process at his place of residence which is believed to be 13330 Blanco Rd., San Antonio, Texas 78216-2193.

Defendant Jeanne L. Jalufka is an individual who may be served with process at her place of residence which is believed to be 4032 Castle Valley Dr., Corpus Christi, Texas 78410-3629.

Defendant Kyle M. Nelson is an individual who may be served with process at his place of residence which is unknown at this time.

Defendant Jason D. Hahn is an individual who may be served with process at his place of residence which is unknown at this time.

Defendant Robert G. Vial is an individual who may be served with process at his place of residence which is believed to be 116 Trail Ridge Dr., Sandia, Texas 78383-4036.

Defendant Kathryn K. Truitt is an individual who may be served with process at her place of residence which is believed to be 3045 Manna Bay Dr., League City, Texas 77573-2737.

Defendant Kari A. McLuhan is an individual who may be served with process at her place of residence which is believed to be 13 Golf House Rd., Laguna Vista, Texas 78578.

Defendant Reynaldo Riojas is an individual who may be served with process at his place of residence which is believed to be 102 Chipinque, San Antonio, Texas 78237-8909.

Defendant Francisco Meza is an individual who may be served with process at his place of residence which is believed to be 4839 Brandeis St., San Antonio, Texas 78249-1714.

Defendant Jack Barineau is an individual who may be served with process at his place of residence which is believed to be 804 Cold Springs Ct., Murphy, Texas 75094-4379.

Defendant Erica Zeplin is an individual who may be served with process at her place of residence which is believed to be 4340 Camden Ave., Dallas, Texas 75206-5404.

Defendant Deborah Quinones is an individual who may be served with process at her place of residence which is unknown at this time.

Defendant W. Lance Goodson is an individual who may be served with process at his place of residence which is believed to be 7413 N. 17th St., McAllen, Texas 78504-3528.

Defendant Keely Rodriguez is an individual who may be served with process at her place of residence which is believed to be 226 Creekbend Dr., Brownsville, Texas 78521-4328.

Defendant Leah Silva is an individual who may be served with process at her place of residence which is believed to be 3700 Cole Ave., Dallas, Texas 75204-4543.

Defendant Daniel Ponce is an individual who may be served with process at his place of residence which is unknown at this time.

Defendant Celeste Escobar is an individual who may be served with process at her place of residence which is unknown at this time.

Defendant Jill Guidry is an individual who may be served with process at 10058 Clarks Air Field, Justin, Texas 76247-2999.

Defendant Daniel Townsend is an individual who may be served with process at his place of residence which is believed to be 106 Gazelle Lk., San Antonio, Texas 78245-2790.

Defendant Lynsey Adame is an individual who may be served with process at her place of residence which is believed to be 6122 Lost Creek Dr., Corpus Christi, Texas 78413-2915.

III.

## JURISDICTION AND VENUE

This Court has jurisdiction over this case as all parties are residents of or are doing business in the State of Texas, and the damages sought are within the jurisdictional limits of this Court. Plaintiff seeks recovery of monetary damages for injuries to Elva Estrada, sustained as a result of the Defendants' negligence and gross negligence in an amount in excess of the minimum jurisdictional limits of this Court.

Venue is proper in Nueces County, Texas, pursuant to the Texas Civil Practice and Remedies

Code, Sections 15.002(1) and 15.005, in that all or a substantial part of the events or omissions

giving rise to the claim occurred in Nueces County, Texas.

IV.

**FACTUAL ALLEGATIONS**

Elva Estrada, ingested Celebrex® that was manufactured and marketed by Defendant Pfizer,

and sustained serious injuries as a result.

Celebrex® is among a group of "COX-2 Inhibitor drugs" approved and prescribed for the

relief of pain and associated with certain disorders including but not limited to, arthritis.

At all times relevant, Defendants did manufacture, create, design, test, label, sterilize,

package, distribute, supply, market, sell, advertise, and otherwise distribute Celebrex®.

Celebrex® has been widely advertised by Defendant Pfizer as effective relief for the pain

caused by arthritis, with fewer adverse side effects than other treatments.

Based upon information and belief, Defendants further induced physicians to prescribe

Celebrex® for treating disorders for which the FDA had not approved Celebrex®.

Defendants aggressively marketed Celebrex® in the United States and in Texas.

Defendant Pfizer undertook advertising campaigns promoting the virtues of Celebrex® in

order to induce widespread use of the product.  Defendant Pfizer targeted this advertising directly

to the end consumers.

The advertising, by affirmation, misrepresentation and/or omission, falsely and fraudulently

sought to create the image and impression that the use of Celebrex® was safe for human use and had

fewer side effects and adverse reactions than other methods of treatment for arthritis.

Defendants purposefully minimized and understated health hazards and risks associated with

**PLAINTIFF'S ORIGINAL PETITION**
**PAGE 5**

Celebrex®. Defendants, through literature and oral statements, deceived potential users of Celebrex® and their physicians by relaying positive information, including testimonials from satisfied users, and manipulating statistics to suggest widespread acceptability, while downplaying the known adverse and serious health effects of the drug. Defendants falsely and fraudulently withheld relevant information from potential users of Celebrex®.

Based on information and belief, total profits from the sale of Celebrex® exceeded billions of dollars annually.

On December 17, 2004, The National Institutes of Health issued a Press Release announcing the suspension of the use of COX-2 Inhibitor Celecoxib (Celebrex) in a study conducted by the National Cancer Institute (NCI) due to the findings that use of the drug increased the risk of major fatal and/or non-fatal cardiovascular events in participants taking the drug compared to those on a placebo. The research showed a 2.5-fold increase in risk in participants taking higher dosages of the drug. The known danger that Defendant Pfizer's product Celebrex® causes increased risk of cardiovascular events was never indicated in any manner by Defendants. Elva Estrada, was unaware of said defect of said product prior to ingesting Celebrex®.

Prior to the date upon which Celebrex® was prescribed to Elva Estrada, Defendants knew, or should have known, that the product was extremely dangerous and unsafe for use by the general public. The dangers of this product included, by way of example, increased risk of cardiovascular events, including, but not limited to, myocardial infarction, strokes and other injuries. Defendants failed to take appropriate action to cure the nature of these defects or warn users of the product or their physicians of such dangerous characteristics. In fact, in spite of the findings announced by the National Institutes of Health, Defendants continue to manufacture, sell, distribute, supply, market,

and/or promote Celebrex® to patients.

The Sales Representative Defendants called on doctors and hospitals and were in the business of profiting from the design, manufacture, marketing, distribution, and/or sales of the prescription drug Celebrex®. The Sales Representative Defendants were in a position to make representations about the risks associated with the use of Celebrex®.

Defendants have thereby acted with malice toward Plaintiff, which accordingly requires that the trier of fact, in the exercise of its sound discretion, award punitive damages for the sake of example and for the purpose of punishing Defendants for their conduct, in an amount sufficiently large to be an example to others and to deter Pfizer and others from engaging in similar conduct in the future.

V.

**FIRST CAUSE OF ACTION**

**[Strict Products Liability Failure to Warn]**

Defendants have engaged in the business of selling, distributing, supplying, manufacturing, marketing and/or promoting Celebrex®, and through that conduct have knowingly and intentionally placed Celebrex® into the stream of commerce with full knowledge that it would arrive in Texas, where it was ingested by Elva Estrada. Defendants did, in fact, sell, distribute, supply, manufacture, and/or promote, individually and collectively, Celebrex® to Elva Estrada. Additionally, Defendants expected the Celebrex® they were selling, distributing, supplying, manufacturing and/or promoting to reach, and Celebrex® did in fact reach, prescribing physicians and consumers in Texas, including Elva Estrada, without substantial change in the condition of the product.

At all times herein mentioned, Celebrex® was defective and unsafe in manufacture, and was

so at the time it was distributed by Defendants and ingested by Elva Estrada. Given the severity of the adverse effects of Celebrex®, the aforementioned product was defective in that it was not properly designed and prepared and/or was not accompanied by proper warnings regarding all possible adverse effects associated with the use of Celebrex®. These defects caused the injuries of Elva Estrada when the Celebrex® was used in its intended and foreseeable manner, i.e., when it was ingested as prescribed, and in the manner recommended by Defendant Pfizer.

Defendant Pfizer knew that Celebrex® was to be used by the user without inspection for defects therein.

Elva Estrada, used the product for its intended purpose.

Celebrex® was unaccompanied by warnings of its dangerous propensities that were known by Pfizer and/or reasonably scientifically knowable by Pfizer, at the time of distribution. The reasonably foreseeable use of the product, i.e., ingestion to relieve pain associated with arthritis, involved substantial dangers not readily recognizable by the ordinary user of the product. Defendants failed to warn of the known or knowable likelihood of injury.

Elva Estrada, did not know, nor did she have reason to know, at the time of her use of Celebrex®, or at any time prior thereto, of the existence of the foregoing described defects. These defects caused serious injury to Elva Estrada.

Defendant Pfizer knew that Celebrex® was to be used by the user without inspection for defects therein, and that Celebrex® was unaccompanied by warnings of its dangerous propensities that were known, or reasonably scientifically knowable, at the time of distribution.

The absence of proper warnings rendered Celebrex® unreasonably dangerous, and the failure to render proper warnings to Elva Estrada, proximately caused her injuries.

VI.

## SECOND CAUSE OF ACTION

**[Strict Products Liability/Defective Product]**

Defendants have engaged in the business of selling, distributing, supplying, manufacturing, marketing and/or promoting Celebrex®, and through that conduct have knowingly and intentionally placed Celebrex® into the stream of commerce with full knowledge that it would arrive in Texas, where Elva Estrada ingested it. Additionally, Defendants expected the Celebrex® they were selling, distributing, supplying, manufacturing and/or promoting to reach, and did in fact reach, prescribing physicians and consumers in Texas, including Elva Estrada and her prescribing physician, without substantial change in the condition of the product.

The Celebrex® manufactured and/or supplied by Defendants was placed into the stream of commerce by Defendants in a defective and unreasonably dangerous condition.

Alternatively, the Celebrex® manufactured and/or supplied by Defendants was defective in design or formulation in that, when it was placed in the stream of commerce, it was unreasonably dangerous; it was more dangerous than an ordinary consumer or physician would expect; and it was more dangerous than other forms of treatment.

The Celebrex® manufactured and/or supplied by Defendants was defective due to inadequate warning or instruction because Defendants knew, or should have known, that the product created a risk of harm to consumers, and that Defendants failed to adequately warn of said risks.

As designed, the Celebrex® contained unreasonably dangerous design defects and was not reasonably safe as intended, making the risk of Celebrex® outweigh its benefits and subjecting Elva Estrada, to risks that exceed the benefits of Celebrex®.

The Celebrex® manufactured and/or supplied by Defendants was defective due to inadequate post-marketing warning or instruction because after Defendants knew, or should have known, of the risk of injury from Celebrex®, they failed to provide adequate warnings to users, consumers or prescribers of the product, including Elva Estrada, and her prescribing physicians, and continued to promote the product.

Elva Estrada, used the product for its intended purpose.

As a proximate and legal result of the defective, unreasonably dangerous condition of the Celebrex® manufactured and/or supplied by Defendants, Elva Estrada, suffered serious injuries.

VII.

### THIRD CAUSE OF ACTION

### [Negligence]

At all times herein mentioned, Defendants had a duty to properly design, manufacture, compound, test, inspect, package, label, distribute, market, examine, provide proper warnings and take such steps to assure that Celebrex® did not cause users to suffer from unreasonable and dangerous side effects. Defendants owed Plaintiff Elva Estrada, this duty. Defendants breached the duty and as a result, Elva Estrada, suffered injuries because of the causal connections between Defendants' breach of duty and Elva Estrada's injuries.

At all times herein mentioned, Defendants knew, or in the exercise of reasonable care, should have known, that Celebrex® was of such a nature that if it was not properly manufactured, compounded, tested, inspected, packaged, labeled, distributed, marketed, examined, sold, supplied, and prepared and provided with proper warnings, it was likely to injure the product's user.

Defendants so negligently and carelessly manufactured, compounded, tested, failed to test,

inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine, over promoted and supplied Celebrex® that it was dangerous and unsafe for the use and purpose for which it was intended.

Defendants negligently failed to warn of the nature and scope of dangers associated with Celebrex®.

Defendants were aware of the probable consequences of the aforesaid conduct. Despite the fact that Defendants knew, or should have known, that Celebrex® caused serious injuries, they failed to disclose the known and/or knowable risks associated with the products, as set forth above. Defendants willfully and deliberately failed to avoid those consequences, and in doing so, Defendants acted with a conscious disregard of the safety of Elva Estrada.

As a result of the carelessness and negligence of Defendants alleged herein and in such other ways to be later shown, Celebrex® caused Plaintiff to sustain injuries as herein alleged.

VIII.

## FOURTH CAUSE OF ACTION

### [Breach of Implied Warranty]

At all times mentioned herein, Defendants manufactured, compounded, packaged, distributed, recommended, merchandised, advertised, promoted, supplied and sold Celebrex®.

Defendants impliedly warranted to Elva Estrada that the product was of merchantable quality and safe for the use for which it was intended.

The product was unsafe for its intended use and it was not of merchantable quality, as warranted by Defendants, in that it had very dangerous propensities when put to its intended use and would cause severe injury and/or death to the user. Celebrex® was unaccompanied by warnings of

its dangerous propensities that were either known and/or reasonably scientifically knowable at the time of distribution.

As a direct and proximate result of Defendants' breach of warranty, the Plaintiff sustained damages as alleged herein.

IX.

**FIFTH CAUSE OF ACTION**

**[Breach of Express Warranty]**

The aforementioned manufacturing, compounding, designing, distributing, testing, constructing, fabricating, analyzing, recommending, merchandising, advertising, promoting, supplying and selling of Celebrex® was expressly warranted to be safe for use by Elva Estrada, and other members of the general public.

Defendants expressly warranted that Celebrex® was safe.

Celebrex® failed to conform to Defendants' warranties because Celebrex® was not safe.

At the time of the making of the express warranties, Defendants had knowledge of the purpose for which Celebrex® was to be used and warranted the same to be, in all respects, fit, safe, and effective and proper for such purpose. Celebrex® was unaccompanied by warnings of its dangerous propensities that were either known or knowable at the time of distribution.

Elva Estrada, relied upon the skill and judgment of Defendants and upon said express warranty, in using Celebrex®. The warranty and representations were untrue in that the product caused the injuries of Elva Estrada, and was unsafe and, therefore, unsuited for the use for which it was intended. Celebrex® could, and did thereby, cause the injuries of Elva Estrada.

As a direct and proximate result of the breach of these warranties, Plaintiff sustained damages

as alleged herein.

## X.

## SIXTH CAUSE OF ACTION

### (Fraud)

Defendants falsely and fraudulently represented to Elva Estrada, and members of the general public, that Celebrex® was safe for use by all potential users. The representations by said Defendants were, in fact, false. In fact, Celebrex® was not safe and was, in fact, dangerous to the health and body of Elva Estrada.

The representations by said Defendants were, in fact, false. In reality, Celebrex®, was not adequately tested and there were frequent, severe, protracted, debilitating, difficult, life threatening and disabling side effects and adverse effects of the products, including, but not limited to, the increased risk of cardiovascular events, including, but not limited to, heart attacks, and death. Defendants did not disclose or warn Elva Estrada, or her prescribing physician about the known risk of injury in using the product. Defendants misrepresented the safety of the product, represented that the product marketed was safe for use and concealed warnings of the known or knowable risks of injury in using the product.

When Defendants made these representations about material facts, they knew that they were false. Defendants made said representations with the intent to defraud and deceive Elva Estrada, and with the intent to induce her to act in the manner herein alleged.

At the time Defendants made the aforesaid representations, and at the time Elva Estrada, took the actions herein alleged, she was ignorant of the falsity of these representations, reasonably believed them to be true, and relied upon them. In reliance upon said representations, Elva Estrada

was induced to, and did use Celebrex® as herein described. Elva Estrada's reliance on the deceptive statements resulted in her injuries.

If Elva Estrada had known the actual facts, she would not have taken Celebrex®.

As a result of Defendant's fraud and deceit, Plaintiff was caused to sustain the herein described injuries.

In doing the acts herein alleged, Defendants acted with oppression, fraud, and malice, and Plaintiff therefore is entitled to punitive damages to deter Defendant Pfizer and others from engaging in similar conduct in the future.

## XI.

## SEVENTH CAUSE OF ACTION

### (Fraud by Concealment)

At all times mentioned herein, Defendants had the duty and obligation to disclose to Elva Estrada and her prescribing physician the true facts concerning Celebrex®, specifically that said product was dangerous and defective and how likely it was to cause serious consequences to users, including injuries and death, and how unnecessary it was to use said product for the purposes indicated. Defendants made affirmative representations as set forth herein to Elva Estrada and the general public prior to the date Celebrex® was prescribed to Elva Estrada , while concealing the following material facts.

At all times mentioned herein, Defendants had the duty and obligation to disclose to Elva Estrada and her physician the true facts concerning Celebrex®; that is, that use could cause injuries including, but not limited to, increased risk of fatal and non-fatal cardiovascular events, including, but not limited to heart attacks and strokes.

At all times herein mentioned, Defendants intentionally, willfully and maliciously concealed or suppressed the facts set forth herein from Elva Estrada's physician with the intent to defraud as herein alleged.

At all times herein mentioned, Elva Estrada was not aware of the facts set forth above, and had she been aware of said facts, she would not have acted as she did, that is, she would not have utilized the product.

As a result of the concealment or suppression of the facts set forth above, Elva Estrada suffered injuries as set forth herein.

In doing the actions herein alleged, Defendants acted with oppression, fraud, and malice and Plaintiff is therefore entitled to punitive damages in an amount reasonably related to Plaintiff's actual damages, and to Defendants' wealth, and sufficiently large to be an example to others, and to deter Defendant Pfizer and others from engaging in similar conduct in the future.

XII.

**MALICE**

The wrong done by Defendants in failing to exercise the most basic of protective measures, even after knowing of the potential for serious injury and/or death when failing to do so, was aggravated by the kind of gross negligence, malice, and callous disregard for which the law allows the imposition of exemplary damages. Defendant Pfizer's conduct, when viewed objectively from their standpoint at the time of its conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Plaintiff, and Defendant Pfizer was actually, subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference, to the rights, safety, and welfare of others, including Plaintiff. Defendant Pfizer's acts

and omissions, which collectively and severally constituted malice, were a proximate cause of Plaintiff's injuries and subsequent damages.

XIII.

These Defendants, and each of them, individually and collectively, are guilty of various acts of omission and commission which were the proximate and/or producing cause of the incidents made the basis of this lawsuit. Plaintiff has suffered damages in the past and will continue to suffer damages in the future, including, but not limited to, physical pain and mental anguish, medical expenses, economic damages, and loss of enjoyment of life. Plaintiff has suffered each of these elements in an amount exceeding the minimum jurisdictional limits of this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Elva Estrada prays for relief from the Defendants as follows:

1.  Punitive and exemplary damages. In support of said damages, Plaintiff incorporates by reference all preceding and following paragraphs as if fully set forth herein;

2.  General damages in a sum in excess of the jurisdictional minimum of this Court;

3.  Special damages in a sum in excess of the jurisdictional minimum of this Court;

4.  Compensatory damages in excess of the jurisdictional minimum of this Court;

5.  Consequential damages in excess of the jurisdictional minimum of this Court;

6.  Medical, incidental, and hospital expenses according to proof;

7.  Future medical, incidental, and hospital expenses according to proof;

8.  Pre-judgment and post-judgment interest as provided by law;

9.  Full refund of all purchase costs Plaintiffs paid for Celebrex®;

10. Attorneys' fees, expenses, and costs of this action; and

**PLAINTIFF'S ORIGINAL PETITION**
**PAGE 16**

11.    Such further relief as this Court deems necessary, just and proper;

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury in this action.

Respectfully submitted,

**SNAPKA, TURMAN & WATERHOUSE, L.L.P.**
P.O. Drawer 23017
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78403
(361) 888-7676
(361) 884-8545 - FAX

By: _____
    Kathryn Snapka
    State Bar No. 18781200
    Greg W. Turman
    State Bar No. 00785123
    Rick Waterhouse
    State Bar No. 00788624
    Aditi Anita Shahani
    State Bar No. 24041898

# SNAPKA, TURMAN & WATERHOUSE, L.L.P.

**KATHRYN SNAPKA**
Board Certified
Personal Injury Trial Law
Texas Board of Legal Specialization

606 N. Carancahua, Suite 1511 (78476)
P.O. Drawer 23017
Corpus Christi, Texas 78403
Phone: (361) 888-7676
Telecopier: (361) 884-8545

**GREG W. TURMAN**
**RICK B. WATERHOUSE, JR.**

———————

**CRAIG D. HENDERSON**
**A. ANITA SHAHANI**

April 6, 2007

**VIA HAND DELIVERY**

Ms. Patsy Perez, District Clerk
901 Leopard Street
Corpus Christi, Texas 78401

Re:    Cause No. 07-1818-H ; In the 79th Judicial District Court of Jim
Wells County, Texas; *Elva Estrada v. Pfizer, Inc., et al*
ST&W File No.: 2287

Dear Ms. Perez:

Enclosed for filing in the above-referenced new civil matter is the Plaintiff's Original
Petition and two (2) copies of the petition that we ask you to file stamp one copy to attach to the
citation for service upon the Defendant listed below and the other copy to return to our office in the
self-addressed stamped envelope provided herein. Please note we are only requesting a citation for
the below-listed Defendant. We will provide further instructions with regard to the other Defendants
listed in the petition in the very near future. Kindly prepare the citation for service upon the
following Defendant and call us when it is ready so that we can have our messenger pick it up:

1.    Pfizer, Inc. (by serving its Registered Agent for Service)
CT Corporation Systems
350 N. St. Paul St.
Dallas, Texas 75201

Also enclosed are Snapka, Turman & Waterhouse, L.L.P. checks reflecting the
payment of your filing, jury and citation fees.

Thank you for your courtesies in this regard.  Should you have any questions, please do not hesitate to contact this office at (361) 888-7676.

Very truly yours,

**SNAPKA, TURMAN & WATERHOUSE, L.L.P.**

Annette Gomez
Legal Secretary
agomez@stwllp.com

CAUSE NO. 07-1818-H

_Elva Estrada_
_____ §                    IN THE DISTRICT COURT OF
Plaintiff                                       NUECES COUNTY, TEXAS
_Pfizer, Inc., et al_
_____ §                    _____ JUDICIAL DISTRICT
Defendant

COUNTY COURT AT LAW
OF NUECES COUNTY, TEXAS

CIVIL CASE INFORMATION SHEET

This form must be completed and filed with every original petition and a copy attached in every original petition served. The information should be the best available at the time of filing, understanding that such information may change before trial. This form does not constitute a discovery request, response, or supplementation, and is no admissible at trial.

Service must be obtained promptly. Notice is hereby given as per Rule 165a R.C.P. that any case in which no answer has been filed or default judgment signed SIX (6) MONTHS from filing will be eligible for DISMISSAL FOR WANT OF PROSECUTION.

Type of Action: Check all claims pled: [] Commercial [X] Personal Injury [] Death []Other

| | | | | |
|---|---|---|---|---|
| [] Account due | [] Defamation | [] Fraud | [X] Product Liability | [] Asbestos |
| [] Admiralty | [] Disbarment | [] Garnishment | [] Post Judgment | [] Assault |
| [] Discrimination | [] Injunction/TRO | [] Railroad | [] Ins. bad faith | [] Dram Shop |
| [] Auto | [] DTPA | [] Malicious prosecution | [] Real Estate | [] Bill of Review |
| [] Employment discharge | [] Malpractice/Legal | [] Sequestration | [] Business dissolution | [] Environmental tort |
| [] Malpractice/Medical | [] Silicone implant | [] Conspiracy | [] Expunction | [] Malpractice/Other |
| [] Tax | [] Contract | [] False Imprisonment | [] Name Change | [] Deed restriction |
| [] Foreclosure | [] Note | [] Trespass | [] Declaratory judgment | [] Forfeiture |
| [] Premises liability | [] Workers Compensation | | [] Judgment Nisi | [] Other |

Has this dispute previously been in the Nueces County Courts? [X] NO   [] YES, in the following court:_____

Monetary damages sought:    [] less than $50,000    [X] greater than $50,000

Desire discovery level:    [] Level 1 (TRCP 190.2)    [] Level 2 (TRCP 190.3)    [X] Level 3 (TRCP 190.4)*
*A case will remain in Level 1, if applicable, or else Level 2 unless and until the court enters an order establishing a Level 3 discovery plan. See TRCP 190.4 & cmt. c. The court may enter a Level 3 plan sua sponte or the parties may request entry of such a plan by separate motion. Id.

Estimate time needed for discovery: [] 0-3 months    [] 4-6 months    [X] 7-12 months    [] Other

Estimate time needed for trial:    [] 1-2 days    [X] 3-5 days    [] 6-10 days    [X] > 10 days

Is there a likelihood of experts other than treating physicians or experts as attorney's fees? [X] Yes   [] No

Is immediate ADR requested?    [] Yes    [X] No

Name of party filing this cover sheet: _Plaintiff, Elva Estrada_

Signature of attorney or pro se filing cover sheet: _____
    Name printed : _Kathryn Snapka_
    Phone No. : _888-7676_    Bar No. _____

FOR COURT USE ONLY:
    Tract assigned: [] Track 1    [] Tract 2    [] Tract 3

    Court Coordinator: _____    Date: _____

EXHIBIT 2(C)

**COPY**

Citation for Personal Service - RESIDENT

Lit. Seq. # 5.002.01

No. 07-01818-00-0-H

T H E   S T A T E   O F   T E X A S

NOTICE TO _____ DEFENDANT _____: You have been sued. You may employ an
attorney. If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 a.m. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a
default judgment may be taken against you.

TO:
PFIZER, INC.
REGISTERED AGENT, CT CORPORATION SYSTEMS
350 N. ST. PAUL STREET
DALLAS, TEXAS  75201
the _____ DEFENDANT _____, GREETING:

*TEXAS CIVIL PROCESS, INC.*
*Came to Hand 5/5/07*
*Delivered this 5 Day 07/07*
*P.O. Box 3786*
*Corpus Christi, TX 78463-3786*
*By _____*
*Process Server*

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the
Honorable District Court, 347th Judicial District of Nueces County, Texas at
the Courthouse of said County in Corpus Christi, Texas. Said
_____ PETITION _____ was filed on APRIL 06, 2007 . A copy of same
accompanies this citation.

The file number of said suit being No. 07-01818-00-0-H.
The style of the case is:

ESTRADA, ELVA
VS.
PFIZER, INC., ET AL

Said petition was filed in said court by _____ KATHRYN SNAPKA
(Attorney for _____ PLAINTIFF _____), whose address is
606 N. CARANCAHUA, SUITE 1511, CORPUS CHRISTI, TEXAS 78403

The nature of the demand is fully shown by a true and correct copy of the
Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs.

Issued and given under my hand and seal of said Court at Corpus Christi,
Texas, this the 19th day of _____ APRIL , A.D. 2007.

_____ PATSY PEREZ _____, DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987

By: _____, Deputy
      ROSE GARZA

Citation for Personal Service - RESIDENT

Lit. Seq. # <u>5.016.01</u>

No. <u>07-01818-00-0-H</u>

T H E   S T A T E   O F   T E X A S

'NOTICE TO _____DEFENDANT_____: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO:
<u>W. LANCE GOODSON, IS A SALES REPRESENTATIVE OF PFIZER, INC.</u>
<u>7413 N. 17TH STREET</u>
<u>MCALLEN, TEXAS 78504-3528, OR WHEREVER HE MAY BE FOUND</u>

the _____DEFENDANT_____, GREETING:

TEXAS CIVIL PROCESS, INC.
Came to Hand <u>5-29-07</u> <u>10:55a</u>
Delivered this <u>31</u> Day <u>May 07</u> <u>4:40p</u>
P.O. Box 3785
Corpus Christi, Tx. 78463-3785
By <u>Brent Miller</u>
Process Server

You are commanded to appear by filing a written answer to the

<u>PLAINTIFF'S ORIGINAL PETITION</u>
_____
_____
_____

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the <u>Honorable District Court, 347th Judicial District</u> of Nueces County, Texas at the Courthouse of said County in Corpus Christi, Texas. Said _____PETITION_____ was filed on <u>APRIL 06, 2007</u>. A copy of same accompanies this citation.

The file number of said suit being No. <u>07-01818-00-0-H</u>.
The style of the case is:

ESTRADA, ELVA<br>
VS.<br>
PFIZER, INC., ET AL

Said petition was filed in said court by _____KATHRYN SNAPKA_____
(Attorney for _____PLAINTIFF_____), whose address is
<u>P. O. DRAWER 23017, CORPUS CHRISTI, TX 78403</u>

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Corpus Christi, Texas, this the <u>27th</u> day of <u>APRIL</u>, A.D. <u>2007</u>.

_____PATSY PEREZ_____, DISTRICT CLERK
Nueces County, Texas
901 Leopard
(P.O. Box 2987)
Corpus Christi, Texas 78403-2987

By_____, Deputy
ROSE GARZA

(Seal: COUNTY & DISTRICT COURTS OF NUECES COUNTY, TEXAS)

EXHIBIT 2(D)

CAUSE NO. 07-1818-H

| | | |
|---|---|---|
| ELVA ESTRADA, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PFIZER, INC., JACQUELINE GUERRERO, | § | |
| BOB DAVIS, JEANNE L. JALUFKA, | § | |
| KYLE M. NELSON, JASON D. HAHN, | § | |
| ROBERT G. VIAL, KATHRYN K. TRUITT, | § | NUECES COUNTY, TEXAS |
| KARI A. McLUHAN, REYNALDO RIOJAS, | § | |
| FRANCISCO MEZA, JACK BARINEAU, | § | |
| ERICA ZEPLIN, DEBORAH QUINONES, | § | |
| W. LANCE GOODSON, | § | |
| KEELY RODRIGUEZ, LEAH SILVA, | § | |
| DANIEL PONCE, CELESTE ESCOBAR, | § | |
| JILL GUIDRY, DANIEL TOWNSEND, | § | |
| and LYNSEY ADAME, | § | |
| | § | |
| Defendants. | § | 347th JUDICIAL DISTRICT |

## DEFENDANT PFIZER INC.'S MOTION TO TRANSFER VENUE
## AND, SUBJECT THERETO, ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant Pfizer Inc. (incorrectly named as "Pfizer, Inc." and hereinafter referred to as "Pfizer" or "Defendant") and files this its Motion to Transfer Venue and, Subject Thereto, Original Answer to Plaintiff's Original Petition. Defendant respectfully would show the Court as follows:

### I.

### MOTION TO TRANSFER VENUE

This is a pharmaceutical product liability case involving Celebrex®, a prescription medication co-promoted and marketed at times by Pfizer. Plaintiff Elva Estrada alleges she sustained personal injuries as a result of her use of Celebrex®, *see* PLAINTIFF'S ORIGINAL PETITION ("PETITION") at 2, and asserts Pfizer is liable for those injuries under theories of strict

liability, negligence, misrepresentation, fraud, and breach of warranties. *Id.* at 8-18. Plaintiff also asserts certain vague claims against twenty-one (21) current or former Pfizer field sales representatives whom Plaintiff asserts detailed Celebrex® to unidentified "doctors and hospitals." *See id.* at 7.

Plaintiff's Petition is sufficiently imprecise to raise concerns that venue may not be proper in Nueces County. Her petition includes only a vague and conclusory assertion that "all or a substantial part of the events or omissions giving rise to the claim occurred in Nueces County, Texas," *see id.* at 4-5, without any specific factual allegations supporting her contention that venue in Nueces County is appropriate. It therefore is far from clear that this suit was filed in the proper venue. Consequently, pursuant to Rule 86 of the Texas Rules of Civil Procedure, Defendant files this Motion to preserve its right to challenge venue if the facts establish that venue in Nueces County is not proper.

Pfizer is a corporation. A suit against a corporation, whether foreign or domestic, may properly be brought in either (1) the county of the corporation's "principal office" in Texas, or (2) the county where "all or a substantial part of the events or omissions giving rise to the claim occurred . . . ." TEX. CIV. PRAC. & REM. CODE. ANN. § 15.002(a) (Vernon 2005). Additionally, when an individual defendant is sued, venue is proper in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person. *Id.* If none of these provisions apply, venue is proper in the county in which the plaintiff resided at the time of the accrual of the cause of action. *Id.* In this case, Defendant:

(1)    specifically denies that the county of suit is, or was at the time that Plaintiff's purported causes of action accrued, the county of this or any other defendant's principal office in Texas;

(2)    specifically denies that all or a substantial part of the events or omissions giving rise to Plaintiff's purported claims occurred in the county of suit;

2

(3)    specifically denies that any individual defendant resided in the county of suit at the time Plaintiff's purported causes of action accrued; and

(4)    specifically denies that Plaintiff resided in the county of suit at the time Plaintiff's purported causes of action accrued.

Given the early stage of this proceeding at the time of this Motion, and the imprecise nature of Plaintiff's pleadings, Defendant cannot identify for the Court the county of proper venue for Plaintiff's claims. Defendant, therefore, requests that it be permitted reasonable time to obtain venue facts and conduct venue discovery. Defendant reserves the right to amend this motion to assert the proper county to which this case should be transferred after it has had sufficient time to discover the venue facts necessary to determine the county of proper venue.

## II.

### SUBJECT TO MOTION TO TRANSFER VENUE, ORIGINAL ANSWER

**A.    General Denial Pursuant to Texas Rule of Civil Procedure 92**

Subject to its Motion to Transfer Venue, Defendant denies each and every allegation made against it and demands strict proof of same by a preponderance of the evidence.

**B.    Affirmative Defenses**

Defendant reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendant affirmatively shows that:

### First Defense

1.    The Petition fails to state a claim upon which relief can be granted.

### Second Defense

2.    Celebrex® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendant's labeling and warning of Celebrex® was at all times in compliance with applicable

3

federal law.  Plaintiff's causes of action against Defendant, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.      At all relevant times, Defendant provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.      At all relevant times, Defendant's warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.      Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is plead in full bar of any liability as to Defendant.

### Sixth Defense

6.      Plaintiff's action is barred by the statute of response.

### Seventh Defense

7.      Plaintiff's claims against Defendant are barred to the extent Plaintiff was contributorily negligent, actively negligent or otherwise failed to mitigate her damages, and any recovery by Plaintiff should be diminished accordingly.

### Eighth Defense

8.      The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendant.  Rather, said loss is due to the acts or omissions on the part

of non-parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way.

### Ninth Defense

9.     The acts and/or omissions of unrelated non-parties as alleged constituted independent, intervening causes for which Defendant cannot be liable.

### Tenth Defense

10.     Any injuries or expenses incurred by Plaintiff were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Eleventh Defense

11.     Defendant affirmatively denies it violated any duty owed to the Plaintiff.

### Twelfth Defense

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Celebrex® is a prescription medical product, available only on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiff's treating and prescribing physicians.

### Thirteenth Defense

13.     The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fourteenth Defense

14.     Celebrex® was at all times material to the Petition reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

### Fifteenth Defense

15.     Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

### Sixteenth Defense

16.     Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendant and any liability of Defendant is therefore barred.

### Seventeenth Defense

17.     Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendant.

### Eighteenth Defense

18.     Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

### Nineteenth Defense

19.     Plaintiff knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twentieth Defense

20.    Plaintiff is barred from recovering against Defendant because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-first Defense

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-second Defense

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Petition were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

### Twenty-third Defense

23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fourth Defense

24.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.    Plaintiff's claims are barred in whole or in part because Defendant provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-sixth Defense

26.    Plaintiff's claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

27.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

30.    The imposition of punitive damages in this case would violate Defendant's rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and Article I, § 17 of the Constitution of the State of Texas, and would additionally violate Defendant's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution and are subject to all provisions of Texas law.

8

### Thirty-second Defense

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.    Plaintiff's punitive damage claims are preempted by federal law.

### Thirty-fourth Defense

34.    In the event that reliance was placed upon Defendant's nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendant.

### Thirty-fifth Defense

35.    Plaintiff failed to provide Defendant with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

### Thirty-seventh Defense

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Petition, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the State of Texas.   Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive-damages based on out-of state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1, 111 (1991), TXO Production Corp. v. Alliance Resources, Inc., 509 U.S. 443 (1993); BMW of North America, Inc. v. Gore, 519 U.S. 559 (1996); and State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S 408.

## Thirty-ninth Defense

39.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and

instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.    The claims asserted in the Petition are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

### Forty-first Defense

41.    The claims asserted in the Petition are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-second Defense

42.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-third Defense

43.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendant's conduct.

### Forty-fourth Defense

44.    The claims asserted in the Petition are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiff.

### Forty-fifth Defense

45.    The claims asserted in the Petition are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendant's conduct.

### Forty-sixth Defense

46.    The claims asserted in the Petition are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-seventh Defense

47.    The claims must be dismissed because Plaintiff would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

### Forty-eighth Defense

48.    The claims asserted in the Petition are barred because the utility of Celebrex® outweighed its risks.

### Forty-ninth Defense

49.    Plaintiff's damages, if any, are barred or limited by the payments received from collateral sources.

### Fiftieth Defense

50.    Defendant's liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if any, are determined.  Defendant seeks an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiff.

**Fifty-first Defense**

51.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-second Defense**

52.    The claims asserted in the Petition are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiff's claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.    Accordingly, Plaintiff's claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-third Defense**

53.    Plaintiff's fraud and misrepresentation allegations are not stated with the degree of particularity, as required by both the state and federal rules.

**Fifty-fourth Defense**

54.    Plaintiff's causes of action are barred by Chapter 82 of the Texas Civil Practice & Remedies Code, including but not limited to §§ 82.001, 82.003, and 82.007.

**Fifty-fifth Defense**

55.    Plaintiff's causes of action are barred by Texas Civil Practice & Remedies Code § 16.012.

13

**Fifty-sixth Defense**

56.    This action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third-party that may be joined in the suit.

**Fifty-seventh Defense**

57.    If Plaintiff settles with any other person or entity, then Defendant reserves the right to make a written election of credit for settlements under § 33.014 of the Texas Civil Practice and Remedies Code.

**Fifty-eighth Defense**

58.    Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**Fifty-ninth Defense**

59.    Plaintiff's claims are barred in whole or in part because any alleged defect was not known or not reasonably scientifically knowable at the time the product was distributed.

**Sixtieth Defense**

60.    Plaintiff's claims are barred by Plaintiff's failure to comply with conditions precedent to the right to recover.

**Sixty-first Defense**

61.    Plaintiff's claims are barred in whole or in part by the doctrine of informed consent. Plaintiff was informed of the risks associated with treatment and willingly consented to treatment despite those risks.  Specifically, Plaintiff gave informed consent to the prescribing physicians before taking Celebrex®, alone or in combination with any other drug(s).

14

### Sixty-second Defense

62.     The duty to obtain Plaintiff's informed consent prior to prescribing Celebrex® alone or in combination with any other drug(s) rested solely with the prescribing physicians.

### Sixty-third Defense

63.     Plaintiff may not assert a claim against Defendant for negligent misrepresentation as Plaintiff did not suffer a pecuniary loss as a result of any alleged misrepresentation by Defendant.

### Sixty-forth Defense

64.     Plaintiff's claims of negligent misrepresentation are barred by the failure to justifiably rely on any alleged misrepresentation of Defendant.

### Sixty-fifth Defense

65.     Plaintiff's claims of misrepresentation are barred because any alleged misrepresentation on which Plaintiff relied did not constitute a misrepresentation of material facts.

### Sixty-sixth Defense

66.     Plaintiff did not rely on any alleged express or implied warranty.

### Sixty-seventh Defense

67.     Plaintiff failed to notify Defendant of any alleged breach of warranty within a reasonable time after Plaintiff discovered or should have discovered any such alleged breach and is, therefore, barred from any recovery for such claims.

### Seventy-eighth Defense

68.     Defendant specifically denies that it received any notice of any alleged breach of warranty from Plaintiff within a reasonable time after Plaintiff discovered or should have discovered any such alleged breach and Plaintiff is, therefore, barred from any recovery for such claims.

15

### Sixty-ninth Defense

69.     Plaintiff's claims for breach of warranty are barred in whole or in part by the Defendant's disclaimers.

### Seventieth Defense

70.     Plaintiff's claims for breach of warranty are barred in whole or in part because she is not in privity with Defendant.

### Seventy-first Defense

71.     Defendant asserts the defenses of expiration, limitation, and exclusion to any applicable express or implied warranty, if any be proved.

### Seventy-second Defense

72.     Plaintiff's claims are barred in whole or in part because any warranties, if made, are excluded through course of dealing, course of performance and/or usage of trade.

### Seventy-third Defense

73.     Plaintiff's claims are barred in whole or in part by the doctrine of federal preemption. The manufacture, marketing, and labeling of Celebrex® was and is controlled by federal law, and Defendant was at all times in compliance and obedience with applicable federal law.  If Plaintiff's causes of action against Defendant are permitted and allowed, they would impede, impair, interfere with, frustrate and/or burden the effectiveness of federal law regulating the field of prescription drugs and would constitute an invalid burden on interstate commerce, violating the supremacy and commerce clauses of the United States Constitution, Article VI, Section 2 and Article I, Section 8, respectively, as set forth in *Buckman Co. v. Plaintiff's Legal Comm.*, 531 U.S. 341 (2001).  Plaintiff's claims, in whole or in part, are preempted, or barred by applicable federal law, including any claim based in whole or in part on:

16

(a)   any allegation of negligence *per se* or that Defendant violated federal regulations, including any regulations promulgated or enforced by the Food and Drug Administration;

(b)   any allegation that Defendant committed "fraud" on, or otherwise misled, made misrepresentations to, concealed material information from, or violated reporting requirements imposed by any agency of the federal government, including the Food and Drug Administration;

(c)   any allegation that Celebrex® was not "safe and effective" or that the risks of the drug outweighed its benefits;

(d)   any allegation that Defendant failed to give Plaintiff's healthcare providers adequate warnings concerning the risks associated with Celebrex®; and/or

(e)   any allegation that, if accepted, would impose standards of care in addition to, or different from, those imposed by federal law, including federal regulations promulgated by the Food and Drug Administration.

### Seventy-fourth Defense

74.   Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Seventy-fifth Defense

75.   Plaintiff's claims are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Petition.

### Seventy-sixth Defense

76.   Plaintiff has failed to allege conduct warranting imposition of punitive damages under Texas law.

### Seventy-seventh Defense

77.   The standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague

17

or simply non-existent, and are inadequate to ensure that such awards do not include amounts

intended as exemplary damages, which are impermissible in a compensatory damages award.

## Seventy-eighth Defense

78.    Plaintiff's claims for non-pecuniary damages are unconstitutionally vague and/or

overbroad, and are in contravention of Defendant's rights under each of the following

constitutional provisions:

(a)    the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

(b)    the Takings Clause of the Fifth Amendment of the United States Constitution;

(c)    the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

(d)    the Equal Protection Clause of the Fourteenth Amendment; as well as the various provisions of the Texas Constitution, including but not limited to art. I §§ 3, 13, 14, 16 and 19.

## Seventy-ninth Defense

79.    As set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual*

*Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *Philip Morris USA v. Williams*, 127

S. Ct. 1057 (2007), the Due Process Clause of the United States Constitution protects Defendant

from any award of damages that:

(a)    is based, in whole or in part, on conduct which did not harm Plaintiff;

(b)    is based, in whole or in part, on conduct and/or harm that occurred wholly outside Texas;

(c)    is based, in whole or in part, on conduct that is the exclusive province of federal law;

(d)    is based, in whole or in part, on comparisons of the relative wealth of Defendant and Plaintiff; or

(e)    is grossly disproportionate to the harm suffered by Plaintiff.

18

Because the standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, they are inadequate to ensure that such awards are not based on impermissible considerations. Any award of non-pecuniary damages in this case would therefore be in contravention of the Due Process standards set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

**Eightieth Defense**

80.    Plaintiff's claims for punitive or exemplary damages are subject to the limitations and requirements of Chapter 41 of the Texas Civil Practice and Remedies Code, including the cap on exemplary damages set out in Section 41.008(b).

**Eighty-first Defense**

81.    Plaintiff's claims for punitive damages are in contravention of Defendant's rights under each of the following constitutional provisions:

(a)    the Commerce Clause of Article I, Section 8 of the United States Constitution;

(b)    the Contracts Clause of Article I, Section 10 of the United States Constitution;

(c)    the prohibition against *ex post facto* laws embodied in Article I, Section 10 of the United States Constitution;

(d)    the Supremacy Clause of Article VI of the United States Constitution;

(e)    the Free Speech Clause of the First Amendment of the United States Constitution;

(f)    the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

(g)    the Takings Clause of the Fifth Amendment of the United States Constitution;

(h)    the Right to Counsel of the Sixth Amendment of the United States Constitution;

(i)    the Excessive Fines Clause of Eighth Amendment of the United States Constitution;

(j)    the Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution;

(k)    the Equal Protection Clause of the Fourteenth Amendment;

(l)    as well as the various provisions of the Texas Constitution, including but not limited to Art. I. §§ 3, 13, 14, 16, and 19.

### Eighty-second Defense

82.    Because of the lack of clear standards, the imposition of punitive damages against Defendant is unconstitutionally vague and/or overbroad.

### Eighty-third Defense

83.    No act or omission of Defendant was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred.

### Eighty-fourth Defense

84.    To the extent Plaintiff's claim for punitive damages is premised on alleged violations of FDA regulations, such claim is preempted by federal law and by the authority set out in *Buckman Co. v. Plaintiff's Legal Comm.*, 531 U.S. 341 (2001).

### Eighty-fifth Defense

85.    With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore*, 517 U.S. 559 (1996) and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Eighty-sixth Defense

86.    Defendant reserves the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiff's claims.

### III.

### JURY DEMAND

Subject to its Motion to Transfer Venue, Defendant hereby demands a trial by jury.

### IV.

### PRAYER

WHEREFORE, Defendant prays that this cause shall be transferred to a county of proper venue, that Plaintiff take nothing by her suit, that Defendant be discharged with its costs expended in this matter, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,
A PROFESSIONAL CORPORATION**

By:      /s/ J. Andrew Hutton
        Kenneth J. Ferguson
        Attorney-in-Charge
        State Bar No. 06918100
        E-mail: kjf@ctw.com
        Leslie A. Benitez
        State Bar No. 02134300
        E-mail: lab@ctw.com
        Kelly R. Kimbrough
        State Bar No. 00794984
        E-mail: krk@ctw.com
        J. Andrew Hutton
        State Bar No. 24012878
        E-mail: ah1@ctw.com

P.O. Box 1148
Austin, Texas  78767
(512) 472-8800
(512) 474-1129 [Fax]

**COUNSEL FOR DEFENDANT PFIZER INC.**

21

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 25th day of May, 2007:

***Via Certified Mail, Return Receipt Requested***

Kathryn Snapka
Greg W. Turman
Rick B. Waterhouse, Jr.
Aditi Anita Shahani
SNAPKA, TURMAN & WATERHOUSE, L.L.P.
P.O. Drawer 23017
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78403
***Attorneys for Plaintiff***

_____ */s/ J. Andrew Hutton* _____

22

# EXHIBIT 2(E)

CAUSE NO. 07-1818-H

| | | |
|---|---|---|
| ELVA ESTRADA, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| PFIZER, INC., JACQUELINE GUERRERO, | § | |
| BOB DAVIS, JEANNE L. JALUFKA, | § | |
| KYLE M. NELSON, JASON D. HAHN, | § | |
| ROBERT G. VIAL, KATHRYN K. TRUITT, | § | NUECES COUNTY, TEXAS |
| KARI A. McLUHAN, REYNALDO RIOJAS, | § | |
| FRANCISCO MEZA, JACK BARINEAU, | § | |
| ERICA ZEPLIN, DEBORAH QUINONES, | § | |
| W. LANCE GOODSON, | § | |
| KEELY RODRIGUEZ, LEAH SILVA, | § | |
| DANIEL PONCE, CELESTE ESCOBAR, | § | |
| JILL GUIDRY, DANIEL TOWNSEND, | § | |
| and LYNSEY ADAME, | § | |
| | § | |
| Defendants. | § | 347th JUDICIAL DISTRICT |

**DEFENDANT W. LANCE GOODSON'S MOTION TO TRANSFER VENUE
AND, SUBJECT THERETO, ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant W. Lance Goodson (hereinafter referred to as "Defendant") and files this his Motion to Transfer Venue and, Subject Thereto, Original Answer to Plaintiff's Original Petition. Defendant would respectfully show the Court as follows:

## I.

## MOTION TO TRANSFER VENUE

This is a pharmaceutical product liability case involving Celebrex®, a prescription medication co-promoted and marketed at times by Pfizer. Plaintiff Elva Estrada alleges she sustained personal injuries as a result of her use of Celebrex®, *see* PLAINTIFF'S ORIGINAL PETITION ("PETITION") at 2, and asserts Pfizer is liable for those injuries under theories of strict liability, negligence, misrepresentation, fraud, and breach of warranties. *Id.* at 8-18. Plaintiff

1

also asserts certain vague claims against twenty-one (21) current or former Pfizer field sales representatives, including Defendant, whom Plaintiff asserts detailed Celebrex® to unidentified "doctors and hospitals." *See id.* at 7.

Plaintiff's Petition is sufficiently imprecise to raise concerns that venue may not be proper in Nueces County. Her petition includes only a vague and conclusory assertion that "all or a substantial part of the events or omissions giving rise to the claim occurred in Nueces County, Texas," *see id.* at 4-5, without any specific factual allegations supporting her contention that venue in Nueces County is appropriate. It therefore is far from clear that this suit was filed in the proper venue. Consequently, pursuant to Rule 86 of the Texas Rules of Civil Procedure, Defendant files this Motion to preserve his right to challenge venue if the facts establish that venue in Nueces County is not proper.

Pfizer is a corporation. A suit against a corporation, whether foreign or domestic, may properly be brought in either (1) the county of the corporation's "principal office" in Texas, or (2) the county where "all or a substantial part of the events or omissions giving rise to the claim occurred . . . ." TEX. CIV. PRAC. & REM. CODE. ANN. § 15.002(a) (Vernon 2005). Additionally, when an individual defendant is sued, venue is proper in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person. *Id.* If none of these provisions apply, venue is proper in the county in which the plaintiff resided at the time of the accrual of the cause of action. *Id.* In this case, Defendant:

(1)    specifically denies that the county of suit is, or was at the time that Plaintiff's purported causes of action accrued, the county of any defendant's principal office in Texas;

(2)    specifically denies that all or a substantial part of the events or omissions giving rise to Plaintiff's purported claims occurred in the county of suit;

(3)    specifically denies that any individual defendant resided in the county of suit at the time Plaintiff's purported causes of action accrued; and

2

(4)    specifically denies that Plaintiff resided in the county of suit at the time Plaintiff's
purported causes of action accrued.

Given the early stage of this proceeding at the time of this Motion, and the imprecise nature of

Plaintiff's pleadings, Defendant cannot identify for the Court the county of proper venue for

Plaintiff's claims. Defendant, therefore, requests that he be permitted reasonable time to obtain

venue facts and conduct venue discovery. Defendant reserves the right to amend this motion to

assert the proper county to which this case should be transferred after he has had sufficient time

to discover the venue facts necessary to determine the county of proper venue.

## II.

## SUBJECT TO MOTION TO
## TRANSFER VENUE, ORIGINAL ANSWER

**A.    General Denial Pursuant to Texas Rule of Civil Procedure 92**

Subject to his Motion to Transfer Venue, Defendant denies each and every allegation

made against him and demands strict proof of same by a preponderance of the evidence.

**B.    Affirmative Defenses**

Subject to his Motion to Transfer Venue, and without assuming the burden of proof of

such defenses that he would not otherwise have, Defendant affirmatively asserts the following

defenses:

1.    Plaintiff's Petition fails to state a claim against Defendant upon which relief can be
granted.

2.    Plaintiff's causes of action are barred in whole or in part by the applicable statute of
limitations and/or statute of repose.

3.    Plaintiff's claims against Defendant are barred under Section 20, comment g of the
Restatement (Third) of Torts: Products Liability.

3

4.      Plaintiff's causes of action are barred by Chapter 82 of the Texas Civil Practice & Remedies Code, including but not limited to §§ 82.001, 82.003, and 82.007.

5.      Plaintiff's causes of action are barred by Texas Civil Practice & Remedies Code § 16.012.

6.      Plaintiff's causes of action are barred in whole or in part by the doctrines of laches, waiver and/or estoppel.

7.      Plaintiff's recovery, if any, is barred entirely, or should be reduced, by Plaintiff's comparative negligence.

8.      The damages alleged by Plaintiff were caused, solely or partially, or proximately caused by some person or third party for whom Defendant is not legally responsible.

9.      This action is subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of § 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third-party that may be joined in the suit.

10.     If Plaintiff settles with any other person or entity, then Defendant reserves the right to make a written election of credit for settlements under § 33.014 of the Texas Civil Practice and Remedies Code.

11.     Plaintiff's alleged damages resulted from new and independent, unforeseeable, superseding and/or intervening causes unrelated to any conduct of Defendant.

12.     Plaintiff's alleged damages were not proximately caused by any act or omission of Defendant.

13.     The producing causes of the damages Plaintiff allegedly suffered were acts or omissions of some person, cause or entity other than Defendant.

14.    Plaintiff's alleged damages were the result of pre-existing and/or unrelated conditions that were independent of, or far removed from, any conduct of Defendant.

15.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's damages, if any, were caused by changes and/or alterations to the product at issue made by persons not within Defendant's control.

16.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, the methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of the Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

17.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

18.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense and based on the state of scientific, medical, and technological knowledge at the time that Celebrex® was marketed,

5

Celebrex® was reasonably safe for its normal and foreseeable use at all relevant times.

19.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, any claims by Plaintiff for inadequate warnings are controlled by, and barred under, the learned intermediary doctrine.

20.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims are governed, in whole or in part, by Sections 2 and 4 of the Restatement (Third) of Torts: Product Liability (including the comments thereto) because Defendant complied with all applicable statutes and with the requirements and regulations of the Food and Drug Administration.

21.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims against Defendant are barred under Section 402A, comments j and/or k of the Restatement (Second) of Torts.

22.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims against Defendant are barred under Sections 2, 4, and 6 *et seq.* of the Restatement (Third) of Torts: Product Liability. Alternatively, Plaintiff's claims are barred because the product's benefits outweighed its risks.

23.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims are barred in whole or in part because Celebrex® "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

24.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

25.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims are barred in whole or in part because any alleged defect was not known or not reasonably scientifically knowable at the time the product was distributed.

26.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendant's rights under the United States Constitution.

27.    Plaintiff's claims are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendant's conduct.

28.    The damages, if any, recoverable by Plaintiff must be reduced by any amount of damages legally caused by Plaintiff's failure to mitigate such damages in whole or in part.

29.   Plaintiff's claims are barred in whole or in part by the unforeseeable product misuse and/or abnormal or unintended use of the product.

30.   Plaintiff's claims are barred by Plaintiff's failure to comply with conditions precedent to the right to recover.

31.   Plaintiff's claims are barred because Defendant's conduct is not the producing cause, a proximate cause, or a cause-in-fact of Plaintiff's alleged injuries.

32.   Plaintiff's claims are barred in whole or in part by intervening and/or superseding acts.

33.   Plaintiff's claims are barred in whole or in part by the assumption of the risk associated with the purchase and/or use of the product.

34.   Plaintiff's claims are barred in whole or in part by the failure to heed warnings and/or failure to follow instructions.

35.   Plaintiff's claims are barred in whole or in part by the doctrine of informed consent. Plaintiff was informed of the risks associated with treatment and willingly consented to treatment despite those risks.  Specifically, Plaintiff gave informed consent to the prescribing physician before taking Celebrex®, alone or in combination with any other drug(s).

36.   Plaintiff's injuries, if any, were caused by an idiosyncratic reaction to the product.

37.   The duty to obtain Plaintiff's informed consent prior to prescribing Celebrex®, alone or in combination with any other drug(s), rested solely with the prescribing physicians.

38.   Plaintiff may not assert a claim against Defendant for negligent misrepresentation as Plaintiff did not suffer a pecuniary loss as a result of any alleged misrepresentation by Defendant.

39.    Plaintiff's claims of negligent misrepresentation are barred by the failure to justifiably rely on any alleged misrepresentation of Defendant.

40.    Plaintiff's claims of misrepresentation are barred because any alleged misrepresentation on which Plaintiff relied did not constitute a misrepresentation of material facts.

41.    Plaintiff's claims of fraud are barred by reason of Plaintiff's failure to allege circumstances constituting fraud with particularity, as required under both the state and federal rules.

42.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff did not rely on any alleged express or implied warranty.

43.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff failed to notify Defendant of any alleged breach of warranty within a reasonable time after she discovered or should have discovered any such alleged breach and is, therefore, barred from any recovery for such claims.

44.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims for breach of warranty are barred in whole or in part by the relevant disclaimers.

45.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any

product at issue. Without waiving said defense, Plaintiff's claims for breach of warranty are barred in whole or in part because she is not in privity with Defendant.

46.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Defendant asserts the defenses of expiration, limitation, and exclusion to any applicable express or implied warranty, if any be proved.

47.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims are barred in whole or in part because any warranties, if made, are excluded through course of dealing, course of performance, and/or usage of trade.

48.    Defendant expressly denies that any third party engaging in the acts alleged by Plaintiff were acting as Defendant's agent or servant, at the instruction of Defendant, or within the Defendant's control.  Therefore, Plaintiff's claims, to the extent they seek recovery for the acts or omissions of such third parties, are barred in whole or in part as a matter of law.

49.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

50.     Defendant affirmatively pleads that Plaintiff cannot recover under a product liability

theory against him because he did not manufacture, assemble, sell, or distribute any

product at issue. Without waiving said defense, Plaintiff's claims are barred in whole

or in part by the doctrine of federal preemption. The manufacture, marketing, and

labeling of Celebrex® was and is controlled by federal law, and the conduct relating

to the product at issue was at all times in compliance and obedience with applicable

federal law. If Plaintiff's causes of action against Defendant are permitted and

allowed, they would impede, impair, interfere with, frustrate and/or burden the

effectiveness of federal law regulating the field of prescription drugs and would

constitute an invalid burden on interstate commerce, violating the supremacy and

commerce clauses of the United States Constitution, Article VI, Section 2 and Article

I, Section 8, respectively, as set forth in *Buckman Co. v. Plaintiff's Legal Comm.*, 531

U.S. 341 (2001). Plaintiff's claims, in whole or in part, are preempted, or barred by

applicable federal law, including any claim based in whole or in part on:

    (a)    any allegation of negligence *per se* or that Defendant violated federal regulations, including any regulations promulgated or enforced by the Food and Drug Administration;

    (b)    any allegation that Defendant committed "fraud" on, or otherwise misled, made misrepresentations to, concealed material information from, or violated reporting requirements imposed by any agency of the federal government, including the Food and Drug Administration;

    (c)    any allegation that Celebrex® was not "safe and effective" or that the risks of the drug outweighed its benefits;

    (d)    any allegation that Defendant failed to give Plaintiff's healthcare providers adequate warnings concerning the risks associated with Celebrex®; and/or

    (e)    any allegation that, if accepted, would impose standards of care in addition to, or different from, those imposed by federal law, including federal regulations promulgated by the Food and Drug Administration.

11

51.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

52.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability theory against him because he did not manufacture, assemble, sell, or distribute any product at issue. Without waiving said defense, Plaintiff's claims are barred, in whole or in part, by the doctrines of primary jurisdiction and exhaustion of administrative remedies, because the FDA has exclusive or primary jurisdiction over the matters asserted in the Petition.

53.    The standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, and are inadequate to ensure that such awards do not include amounts intended as exemplary damages, which are impermissible in a compensatory damages award.

54.    Plaintiff's claims for non-pecuniary damages are unconstitutionally vague and/or overbroad, and are in contravention of Defendant's rights under each of the following constitutional provisions:

    (a)    the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

    (b)    the Takings Clause of the Fifth Amendment of the United States Constitution;

    (c)    the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

      (d)    the Equal Protection Clause of the Fourteenth Amendment; as well as the various provisions of the Texas Constitution, including but not limited to art. I §§ 3, 13, 14, 16 and 19.

55.    As set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), the Due Process Clause of the United States Constitution protects Defendant from any award of damages that:

      (a)    is based, in whole or in part, on conduct which did not harm the Plaintiff;

      (b)    is based, in whole or in part, on conduct and/or harm that occurred wholly outside Texas;

      (c)    is based, in whole or in part, on conduct that is the exclusive province of federal law;

      (d)    is based, in whole or in part, on comparisons of the relative wealth of Defendant and Plaintiff; or

      (e)    is grossly disproportionate to the harm suffered by Plaintiff.

Because the standards in Texas governing the award and review of damages for non-pecuniary damages, including damages for mental anguish and pain and suffering, are impermissibly vague or simply non-existent, they are inadequate to ensure that such awards are not based on impermissible considerations. Any award of non-pecuniary damages in this case would therefore be in contravention of the Due Process standards set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996), *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

56.    Plaintiff's claims for punitive or exemplary damages are subject to the limitations and requirements of Chapter 41 of the Texas Civil Practice and Remedies Code, including the cap on exemplary damages set out in Section 41.008(b).

13

57.    Plaintiff's claims for punitive damages are in contravention of Defendant's rights

under each of the following constitutional provisions:

    (a)    the Commerce Clause of Article I, Section 8 of the United States Constitution;

    (b)    the Contracts Clause of Article I, Section 10 of the United States Constitution;

    (c)    the prohibition against *ex post facto* laws embodied in Article I, Section 10 of the United States Constitution;

    (d)    the Supremacy Clause of Article VI of the United States Constitution;

    (e)    the Free Speech Clause of the First Amendment of the United States Constitution;

    (f)    the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution;

    (g)    the Takings Clause of the Fifth Amendment of the United States Constitution;

    (h)    the Right to Counsel of the Sixth Amendment of the United States Constitution;

    (i)    the Excessive Fines Clause of the Eighth Amendment of the United States Constitution;

    (j)    the Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution;

    (k)    the Equal Protection Clause of the Fourteenth Amendment;

    (l)    as well as the various provisions of the Texas Constitution, including but not limited to Art. I. §§ 3, 13, 14, 16, and 19.

58.    Because of the lack of clear standards, the imposition of punitive damages against

Defendant is unconstitutionally vague and/or overbroad.

59.    No act or omission of Defendant was malicious, willful, wanton, reckless or grossly

negligent and, therefore, any award of punitive damages is barred.

60.    Defendant affirmatively pleads that Plaintiff cannot recover under a product liability

theory against him because he did not manufacture, assemble, sell, or distribute any

14

product at issue. Without waiving said defense and to the extent Plaintiff's claim for punitive damages is premised on alleged violations of FDA regulations, such claim is preempted by federal law and by the authority set out in *Buckman Co. v. Plaintiff's Legal Comm.*, 531 U.S. 341 (2001).

61. With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore*, 517 U.S. 559 (1996) and *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

62. Defendant reserves the right to supplement his assertion of defenses as he continues with his factual investigation of Plaintiff's claims.

### III.

### JURY DEMAND

Subject to his Motion to Transfer Venue, Defendant hereby demands a trial by jury.

### IV.

### PRAYER

WHEREFORE, Defendant prays that this cause shall be transferred to a county of proper venue, that Plaintiff take nothing by her suit, that Defendant be discharged with his costs expended in this matter, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,
A PROFESSIONAL CORPORATION**

By:

Kenneth J. Ferguson
Attorney-in-Charge
State Bar No. 06918100
E-mail: kjf@ctw.com
Leslie A. Benitez
State Bar No. 02134300
E-mail: lab@ctw.com
Kelly R. Kimbrough
State Bar No. 00794984
E-mail: krk@ctw.com
J. Andrew Hutton
State Bar No. 24012878
E-mail: ah1@ctw.com

P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 [Fax]

**COUNSEL FOR DEFENDANT
W. LANCE GOODSON**

16

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 31st day of May, 2007:

*Via Certified Mail, Return Receipt Requested*

Kathryn Snapka
Greg W. Turman
Rick B. Waterhouse, Jr.
Aditi Anita Shahani
SNAPKA, TURMAN & WATERHOUSE, L.L.P.
P.O. Drawer 23017
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78403
*Attorneys for Plaintiff*



17

# EXHIBIT 2(F)

CAUSE NO. 07-1818-H

| | | |
|---|---|---|
| ELVA ESTRADA, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NUECES COUNTY, TEXAS |
| | § | |
| PFIZER, INC., ET AL., | § | |
| | § | |
| Defendants. | § | 347th JUDICIAL DISTRICT |

## NOTICE TO PLAINTIFF OF FILING OF NOTICE OF REMOVAL

TO:  Elva Estrada, by and through her attorneys of record, Kathryn Snapka, Greg W. Turman, Rick B. Waterhouse, Jr., and Aditi Anita Shahani, SNAPKA, TURMAN & WATERHOUSE, L.L.P., P.O. Drawer 23017, 606 N. Carancahua, Suite 1511, Corpus Christi, Texas 78403.

You will please take notice that Pfizer Inc., Defendant in the above-styled and numbered cause originally filed in the 347th District Court of Nueces County, Texas, namely, *Elva Estrada v. Pfizer, Inc., et al.*, Cause No. 07-1818-H, has filed in the United States District Court for the Southern District of Texas, Corpus Christi Division, its Notice of Removal in the above-captioned cause from said District Court of Nueces County, Texas, to the United States District Court for the Southern District of Texas, Corpus Christi Division.

Attached hereto you will find a copy of said Notice of Removal.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,**
**A PROFESSIONAL CORPORATION**

By:

Kenneth J. Ferguson
Attorney-in-Charge
State Bar No. 06918100
E-mail: kjf@ctw.com
Leslie A. Benitez
State Bar No. 02134300
E-mail: lab@ctw.com
Kelly R. Kimbrough
State Bar No. 00794984
E-mail: krk@ctw.com
J. Andrew Hutton
State Bar No. 24012878
E-mail: ah1@ctw.com

P.O. Box 1148
Austin, Texas  78767
(512) 472-8800
(512) 474-1129 [Fax]

**COUNSEL FOR DEFENDANT PFIZER INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 4th day of June, 2007.

### *<u>Via Certified Mail/Return Receipt Requested</u>*

Kathryn Snapka
Greg W. Turman
Rick B. Waterhouse, Jr.
Aditi Anita Shahani
SNAPKA, TURMAN & WATERHOUSE, L.L.P.
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78476
***Attorneys for Plaintiff***

3

# EXHIBIT 2(G)

CAUSE NO. 07-1818-H

| ELVA ESTRADA, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NUECES COUNTY, TEXAS |
| | § | |
| PFIZER, INC., ET AL., | § | |
| | § | |
| Defendants. | § | 347th JUDICIAL DISTRICT |

## NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL

TO:    Patsy Perez, District Clerk, Nueces County, Texas.

PLEASE TAKE NOTICE that Defendant Pfizer Inc. has filed its Notice of Removal to

the United States District Court for the Southern District of Texas, Corpus Christi Division, a

copy of which is attached hereto.  Defendant Pfizer hereby files a copy of the Notice with the

Clerk of the District Court of Nueces County, Texas, all in accordance with 28 U.S.C. § 1446(d).

Dated: June 4, 2007.

Respectfully submitted,

**CLARK, THOMAS & WINTERS,
A PROFESSIONAL CORPORATION**

By:     _____
Kenneth J. Ferguson
Attorney-in-Charge
State Bar No. 06918100
E-mail: kjf@ctw.com
Leslie A. Benitez
State Bar No. 02134300
E-mail: lab@ctw.com
Kelly R. Kimbrough
State Bar No. 00794984
E-mail: krk@ctw.com
J. Andrew Hutton
State Bar No. 24012878
E-mail: ah1@ctw.com

P.O. Box 1148
Austin, Texas  78767
(512) 472-8800
(512) 474-1129 [Fax]

**COUNSEL FOR DEFENDANT PFIZER INC.**

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was forwarded in the manner described below to the following interested parties on this 4th day of June, 2007.

*Via Certified Mail/Return Receipt Requested*

Kathryn Snapka
Greg W. Turman
Rick B. Waterhouse, Jr.
Aditi Anita Shahani
SNAPKA, TURMAN & WATERHOUSE, L.L.P.
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78476
*Attorneys for Plaintiff*

_____

3

**EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELVA ESTRADA, | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. _____ |
| | § | |
| v. | § | JURY REQUESTED |
| | § | |
| PFIZER, INC., ET AL., | § | *Pending Transfer to MDL-1699* |
| | § | *(In re Bextra and Celebrex Marketing,* |
| Defendants. | § | *Sales Practices and Prods. Liab. Litig.)* |
| | § | |
| | § | |
| | § | |

## LIST OF ATTORNEYS

### Attorneys for Plaintiffs

Kathryn Snapka
State Bar No. 18781200
Greg W. Turman
State Bar No. 00785123
Rick B. Waterhouse, Jr.
State Bar No. 00788624
Aditi Anita Shahani
State Bar No. 24041898
**SNAPKA, TURMAN & WATERHOUSE, L.L.P.**
P.O. Drawer 23017
606 N. Carancahua, Suite 1511
Corpus Christi, Texas 78403
(361) 888-7676
(361) 884-8545 [Fax]

**Attorneys for Defendants Pfizer Inc. and W. Lance Goodson**

Kenneth J. Ferguson
Attorney-in-Charge
State Bar No. 06918100
Southern District I.D. No. 12703
Leslie A. Benitez
State Bar No. 02134300
Southern District I.D. No. 10017
Kelly R. Kimbrough
State Bar No. 00794984
Southern District I.D. No. 25675
J. Andrew Hutton
State Bar No. 24012878
Southern District I.D. No. 26762
CLARK, THOMAS & WINTERS
A PROFESSIONAL CORPORATION
P.O. Box 1148
Austin, Texas 78767
(512) 472-8800
(512) 474-1129 (Fax)

# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELVA ESTRADA | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. _____ |
| | § | |
| v. | § | JURY REQUESTED |
| | § | |
| PFIZER, INC., ET AL., | § | *Pending Transfer to MDL-1699* |
| | § | *(In re Bextra and Celebrex Marketing,* |
| Defendants. | § | *Sales Practices and Prods. Liab. Litig.)* |
| | § | |
| | § | |
| | § | |

## PARTIES REQUESTING TRIAL BY JURY

Plaintiffs requested trial by jury in their Original Petition

Defendant Pfizer Inc. requested trial by jury in its Motion to Transfer Venue and, Subject Thereto, Original Answer

Defendant W. Lance Goodson requested trial by jury in its Motion to Transfer Venue and, Subject Thereto, Original Answer

# EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ELVA ESTRADA | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. _____ |
| | § | |
| v. | § | JURY REQUESTED |
| | § | |
| PFIZER, INC., ET AL., | § | *Pending Transfer to MDL-1699* |
| | § | *(In re Bextra and Celebrex Marketing,* |
| Defendants. | § | *Sales Practices and Prods. Liab. Litig.)* |
| | § | |
| | § | |
| | § | |

## STATE COURT INFORMATION

This case is being removed from the 347th Judicial District Court of Nueces County, Texas, whose address is as follows:

Patsy Perez
District Clerk
District Court of San Nueces County
901 Leopard Street
Corpus Christi, Texas 78401